Geeen, J.
delivered the opinion of the court.
Francis H. and John S. McNairy were joint owners of a jackass, upon which Rains, the sheriff, levied an execution in his hands against John S. McNairy. F.. H. McNairy forbade the sale, claiming the ownership of one half; but the sheriff sold and delivered to the purchaser the whole jack; whereupon this action of trover was brought.
The plaintiff recovered for one half the value of the jack in the Circuit Court, and Rains, the sheriff, appealed to this court.
It is now insisted; that the sheriff had a right to take and deliver the jack to the purchaser, by virtue of the execution against John S. McNairy; that the purchaser became joint owner of the jack with F. H. McNairy, the sale of the entire property having, in fact, transferred only the one half; and as a consequence of these propositions, it is contended that there has been no conversion, and that no action lies by one tenant in common against the other.
Each co-tenant having a right' to the possession, cannot be sued by the other part owner, unless there has been a conversion of the property; and the older elementary books hold, that a sale by one co-tenant of the entire property does not amount to a conversion, but that its destruction would.
It is argued, that as the sale by one tenant in common of his co-tenant’s share, passes the interest of the vendor only, the interest of the other co-tenant still remains in common with the purchaser, and therefore there can be no conversion by the act of sale. Bac. Abr. Trover. Salk. 292; 1 East, 367; Littleton, §323. And this doctrine w*s maintained in the case of Mercereau vs. Norton, (15 Jh. Rep. 179,) where it was held, that a sale was not such a destruction of the property as to destroy the tenancy in common.
But the more recent American cases hold, that as the as-, sumption of authority over, and actual sale of the property by a stranger, will constitute a conversion, so the assuming au *359 thority to sell, and actually making sale of the interest of another, under a claim of title in the vendor, although he be part owner, may be taken to be a conversion, for which an action of trover will lie. Weld vs. Oliver, 21 Pick. 559; White vs. Osborne, 21 Wend. R. 72; Melville vs. Brown, 15 Mass. 82; Lucas vs. Wasson, 3 Dev. R. 398.
It is true, such sale does not vest in the purchaser any greater interest than that of the party making the sale; and the co-tenant, who is not consulted, may so consider it, and take the property when opportunity offers; but he may sue in -trover for the conversion, and thereby vest in the purchaser the entire property 21 Wend. R. 77.
In a late case (Waddell vs. Cook, 2 Hill’s R. 47,) an action of trespass was sustained against the marshal, Waddell, for seizing and'selling goods of Cook under a fi. fa. against Bowne, who was a joint owner of the goods with Cook. The court held, that though the marshal’s authority extended to a total dispossession of both the co-tenants by an execution against one, yet the law denied him the right to sell the entire property. “In attempting to do so, though the act be nugatory, yet the law may well treat it as such an abuse of legal authority, as renders him a trespasser ah initio. 2 Kent, 351, note b, 4th ed.
We therefore think this action was well' conceived, and affirm the judgment.